*In re* FRIEDRICH.

BAIL BOND—VALIDITY—CLERICAL MISTAKE.

> A defect in a bond given by one arrested on a *capias ad satis-faciendum*, in stating that the principal was in custody by virtue of a "*capias ad respondendum*," does not entitle the principal to a discharge from custody when surrendered by his bondsmen, where the mistake was due to the attorney of such principal, and was corrected, with the consent of all parties interested, as soon as it was discovered, and the bond treated as a valid one.

*Certiorari* to Kent; Adsit, J. Submitted June 10, 1897. Decided June 28, 1897.

*Certiorari* by Charles Prange to review the action of the circuit court in discharging Paul W. Friedrich on a writ of *habeas corpus*. Reversed.

One Charles Prange recovered a judgment against Paul W. Friedrich in an action of tort for the fraudulent conversion of money. The action was commenced by a *capias ad respondendum*. A *fi. fa.* was issued, and returned *nulla bona*. A *capias ad satisfaciendum* was then issued March 8, 1892, upon which Friedrich was arrested by the sheriff, and gave a bond for the jail limits. On the following day the sheriff showed the bond to Prange's counsel, who objected to it on the ground that it recited that Friedrich was in custody by virtue of a *capias ad respondendum*. This bond was prepared by Friedrich's counsel, who, on being shown the bond, stated that it was a clerical error, and wrote upon the back of the bond the following: "The *capias* described in the within bond having by mistake of the scrivener been misnamed, we hereby consent that the wording of the said bond be changed to read '*capias ad satisfaciendum*,' where it now reads '*capias ad respondendum*.'" This

consent was signed by both Friedrich and his bondsmen, and the sheriff changed the face of the bond to correspond. Friedrich remained within the jail limits, believing that he was a prisoner, until September 6, 1895, when he was surrendered by his sureties. He thereupon gave another bond, with other sureties, and remained within the jail limits until January 29, 1897, when these last bondsmen surrendered him to the sheriff. He thereupon sued out the writ of *habeas corpus*, and upon the hearing was discharged from custody.

*Birney Hoyt*, for appellant, Prange.

*Nathan P. Allen*, for Friedrich.

GRANT, J. (*after stating the facts*). This case is brought to this court upon the writ of *certiorari* to review the action of the circuit court in discharging Friedrich from custody. The return states the facts, but gives no reason for the discharge of the prisoner. Counsel for petitioner, Prange, states that the court held that the first bond for the jail limits was void, and that therefore the imprisonment was illegal. The bond was not void. The scrivener, who was Friedrich's own attorney, made a clerical mistake in drawing it. This mistake was at once corrected, by the consent of all the parties interested, and they all treated it as a valid bond. *Gunn* v. *Geary*, 44 Mich. 616, has no application to the facts of this case. A mere clerical mistake was made by Friedrich himself, through his attorney, and was, at his request and for his benefit, immediately corrected. Such worthless technicalities cannot be invoked to defeat the ends of justice.

The order of the circuit court is reversed, and the prisoner remanded to the custody of the sheriff.

LONG, C. J., MONTGOMERY and MOORE, JJ., concurred. HOOKER, J., did not sit.