## AMAN v. CARPENTER.

1. Principal and Surety—Attachment—Clerical Error in Bond —Release of Surety.

A clerical mistake in a bond filed to obtain the release of property from attachment will not release the surety, who, as attorney for the defendant in attachment, either drew up the bond or had it done under his direction.

2. Same—Substitution of Administrator for Original Defendant—Release of Surety—Statutes.

Where defendant in attachment died pending the action, and the administrator of his estate was substituted before judgment was rendered, there was not such a change of parties as to release the surety on the bond given to release the property from attachment; 3 Comp. Laws 1915, § 12385, controlling.

Case-made from Kent; Brown (William B.), J. Submitted April 22, 1920. (Docket No. 60.) Decided June 7, 1920.

Assumpsit by Jacob Aman against Frank L. Carpenter as surety upon a statutory bond. Judgment for plaintiff on a directed verdict. Defendant appeals. Affirmed.

*Frank L. Carpenter,* in pro. per.

*Fred M. Raymond,* for appellee.

MOORE, C. J. This is an action brought against the defendant as surety upon a bond filed to obtain the release from attachment of a quantity of lumber and slabs which had been attached under the log-lien law by Jacob Aman as plaintiff to recover a balance claimed to be due him for labor from Rollin H. Pelton as defendant. Mr. Carpenter was the attorney for Mr. Pelton in that suit. While the suit of Mr. Aman against Mr. Pelton was pending Mr. Pelton died. His death was suggested of record and Henry' Thurkittle as administrator with the will annexed of the estate of Mr. Pelton was substituted as defendant. The case proceeded to trial, a verdict was rendered in favor of the plaintiff in the sum of $603.39. Costs were duly taxed. The judgment has never been paid. At the conclusion of the testimony in the instant case it was agreed that it was proper for the court to direct a verdict in favor of one or the other of the parties, and the court directed a verdict for plaintiff. Judgment was entered in favor of the plaintiff in the sum of $823.75. The case is brought here by writ of error.

The defendant's assignments of error are as follows:

"(1) The court erred in overruling appellant's objection to the introduction of any evidence in the case, because the declaration states no cause of action.

"(2) The court erred in overruling appellant's objection to the introduction in evidence of the judgment record in the suit of Aman *v.* Thurkittle, on the ground that it did not show a valid judgment.

"(3) The court erred in overruling appellant's objection, and submitting in evidence plaintiff's Exhibit L, being defendant's answer to a petition of the administrator of Pelton's estate, and filed in the probate court of the county of Ottawa.

"(4) The court erred in overruling appellant's ob-

jection to the following questions: 'How many piles of lumber were there left at the time of Pelton's death?'

"(5) The court erred in directing a verdict for the plaintiff, and in refusing to direct a verdict for the defendant.

"(6) The court erred in refusing each of the seven several requests of the defendant, to charge the jury.

"(7) The court erred in entering a judgment upon the verdict for plaintiff, and substance and matter of form."

We shall not undertake to discuss each of these assignments of error.

The concluding portion of the bond sued upon reads:

"And whereas the above bounden Rollin Pelton is the owner of said last described property, and is desirous of obtaining the release thereof from the said attachment, according to the statute in such case made and provided; Now the condition of this obligation is such that if the said Rollin Pelton shall pay or cause to be paid all damages, costs, charges, disbursements and expenses that may be recovered by the said Rollin Pelton against the said Jacob Aman, that may be found to be a lien upon or against the property described in the said writ of attachment, then this obligation is to be void; otherwise to remain in full force and virtue."

Great stress is placed by the defendant upon the use of the words "that may be recovered by the said Rollin Pelton against the said Jacob Aman." This bond was drawn by the defendant acting as the attorney for Mr. Pelton or under his direction for the purpose of securing the release of the lumber that had been attached, and it accomplished that purpose.

It would be a travesty upon justice if under such circumstances a surety could be released for what, to state it most charitably, was a clerical error. See *In re Friedrich,* 113 Mich. 468.

The most serious contention of defendant is that there had been a change of parties before the judg-

ment was rendered; that Mr. Pelton, for whom Mr. Carpenter was surety, died and Mr. Thurkittle as administrator was substituted in his place for whom Mr. Carpenter never obligated himself, and a breach of the bond was therefore impossible. We think section 12385, 3 Comp. Laws 1915, is a complete answer to this contention.

We have considered all of the assignments of error. None of the defenses urged has merit.

The judgment is affirmed, with costs to the plaintiff.

STEERE, BROOKE, FELLOWS, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.